# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 18-45-DLB

ALISHA ANN WILSON                                                        PLAINTIFF

vs.                          **MEMORANDUM OPINION & ORDER**

NANCY A. BERRYHILL, Commissioner
of Social Security Administration                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2015, Plaintiff Alisha Ann Wilson filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental social security income, alleging disability beginning June 30, 2014. (Tr. 199, 215). Plaintiff was thirty-one years old at the time of filing, and she alleged that she was unable to work due to problems with depression and anxiety, being morbidly obese, and having leg pain. (Tr. 199, 215). Plaintiff's application was denied initially, and again upon reconsideration. (Tr. 197-198, 231-266).

At Plaintiff's request, an administrative hearing was conducted on January 26, 2017, before Administrative Law Judge (ALJ) Dennis Hansen. (Tr. 178-196). On April

17, 2017, ALJ Hansen issued a written decision finding that Plaintiff was not entitled to benefits. (Tr. 11-24). This decision became the final decision of the Commissioner on January 3, 2018, when the Appeals Council denied Plaintiff's request for review. (Tr. 1).

Plaintiff filed the instant action on February 19, 2018, alleging the ALJ's decision "was not supported by substantial evidence," was "contrary to law," and "applied incorrect standards." (Doc. # 2 at 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 13 and 15).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite

conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

B. The ALJ's Determination

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant has engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant on Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [the claimant's] residual functional capacity." *Id.* The ALJ's determination becomes the final decision of the Commissioner if the Appeals Council denies review, as it did here. *See Thacker v. Berryhill*, No. 16-CV-114, 2017 WL 653546, at *1 (E.D. Ky. Feb. 16, 2017); (Tr. 1-7).

Here, at Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 30, 2014, the alleged onset date of the disability. (Tr. 13). At Step Two, the ALJ determined that the Plaintiff has the following severe impairments: obesity, arthritis, asthma, anxiety, and depression. *Id.* At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 14-17).

3

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following modifications and limitations:

> [Claimant] can lift and carry up to ten pounds; can sit for six hours and can stand or walk for four hours out of an eight-hour workday; can frequently balance; can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. The claimant can never be exposed to unprotected heights, and can have no more than occasional exposure to vibration and pulmonary irritants. She is able to understand and remember simple instructions; and can sustain attention and concentration to complete simple tasks with regular breaks every two hours. She can frequently interact with supervisors and co-workers, and occasionally interact with the public. She can adapt to routine work conditions and occasional workplace changes.

(Tr. 17). The ALJ noted that "[t]ransferability of job skills is not an issue because the claimant does not have past relevant work." (Tr. 22). Based upon the RFC, the ALJ proceeded to Step Five.

At Step Five, the ALJ determined, informed by testimony of vocational expert (VE) William Ellis, *see* (Tr. 198-200), that there were other jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (Tr. 23). Accordingly, the ALJ found that the Plaintiff was not under a disability as defined in the Social Security Act. *Id.*

**C.     Analysis**

Plaintiff advances two arguments in her dispositive motion; first, that the ALJ's finding of "not disabled" is not supported by substantial evidence, and, second, that the Commissioner failed to properly evaluate Plaintiff's subjective complaints of pain. (Doc. # 13-1). The Court will consider each argument in turn.

### 1. The ALJ's RFC determination is supported by substantial evidence.

The Plaintiff generally complains that the ALJ's RFC determination is not supported by substantial evidence. This argument is without merit. An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). At its core, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that he or she finds credible in the RFC assessment. *Irvin v. Soc. Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

In support of her vague complaint that the RFC determination was not supported by substantial evidence, Plaintiff asserts generally that "the ALJ failed to properly evaluate the medical evidence that had been submitted in this claim," because she "suffers from additional impairments which the ALJ has failed to set forth in his decision." (Doc. # 13-1 at 15). Plaintiff argues that "[w]hen the record in this case is considered in its entirety, the combined effects of Ms. Wilson's physical and mental impairments, reflect that she could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. # 1-3 at 14). Plaintiff insists that the ALJ's RFC determination was improper because it reflects "selective inclusion of only portions of the pertinent evidence which

cast the claimant in an unfavorable light." *Id.* at 14-15 (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002)).

This argument amounts to an allegation that the ALJ cherry-picked evidence to support the RFC finding. Such an allegation "is seldom successful," however, "because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014). That is not the role of this Court. "When deciding . . . whether substantial evidence supports the ALJ's decision, [courts] do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

The only argument Plaintiff asserts with any specificity in support of this claim is that the ALJ "failed to properly address even the consul[ta]tive exam performed by Dr. [Kathleen M.] Monderewicz," where Dr. Monderewicz noted that Plaintiff used a cane. (Doc. # 1-3 at 15-16). Plaintiff posits that in addition to the RFC's finding that Plaintiff is limited to sedentary work, "[t]he further restriction of use of a cane would further deteriorate any jobs available in the national or local economy." *Id.* at 16. This argument is without merit.

Dr. Monderewicz's summary merely sets forth Plaintiff's own reporting, in the patient history section of Dr. Monderewicz's evaluation, that she needed to use a cane to prevent falls and relieve pain in her right leg. (Tr. 998). In fact, Dr. Monderewicz's evaluation notes her own observation that Plaintiff was able to ambulate for short distances in the exam room without the cane. Specifically, Dr. Monderewicz notes that "[t]he claimant uses a cane in the left hand but she is able to ambulate within the exam room without the cane." (Tr. 999).

The record shows that the ALJ considered Dr. Monderewicz's evaluation at some length and expressly noted Plaintiff's report of using a cane during her interview with Dr. Monderewicz. (Tr. 18). Considering the entirety of the evaluation, however, the ALJ determined that "[t]he physical findings corroborate the objective studies and further support the claimant is not disabled." (Tr. 19). The ALJ specifically noted as follows:

> The physical findings corroborate the objective studies and further support the claimant is not disabled. In addition to the other findings above, Dr. Monderewicz also noted that . . . [a]s for the claimant's right ankle, despite tenderness and swelling, there was no erythema or increased warmth, and no crepitus palpated over the ankles and feet bilaterally (B16F/5). Although the claimant demonstrated decreased balance attempting to stand alone on the right leg, she was able to stand on only the left lower extremity, and there was no discrepancy in leg length. While motor strength in the right lower extremity was slightly reduced at 4/5, it was 5/5 in the left lower extremity, with no evidence of atrophy bilaterally. Except for decreased sensation around the surgical scar of the right ankle, sensation was intact to light touch and pinprick (B16F/5). The undersigned also notes that while Dr. Monderewicz noted knee and low back pain with right straight leg raise, notes by the claimant's treatment providers document that straight leg raise was negative bilaterally (118F/3; 20F/12; B25F/4, 13).

(Tr. 19). In sum, the ALJ specifically discussed the objective medical evidence associated with Plaintiff's complaints, including consideration of Dr. Monderewicz's examination findings and opinion in the making of his RFC finding.

When an ALJ examined the record as a whole and his decision is supported by substantial evidence, this Court must affirm the ALJ's decision—even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349. By merely pointing to medical evidence in the record that the ALJ has already considered, Plaintiff in essence is just requesting that the Court re-weigh the evidence. This is improper. It does not matter if substantial evidence does support Plaintiff's disability, so long as it also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence

could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also Listenbee*, 846 F.2d at 349. As a result, it does not matter if the Plaintiff, or even this Court, believes substantial evidence supports a different disability determination. All that is required of the ALJ is that he render a decision that is supported by substantial evidence. The ALJ has done so here. While the ALJ weighed the evidence contrary to how the Plaintiff preferred, the ALJ did not fail to analyze the evidence in the record. *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 436 (6th Cir. 2013). Accordingly, the Court finds no error in the scope of the ALJ's analysis.

### 2. The ALJ did not err in assessing Plaintiff's credibility and evaluating her subjective complaints of pain.

Plaintiff's second and final argument is that the ALJ failed to properly evaluate the Plaintiff's subjective complaints of pain. This argument also lacks merit. In determining an RFC, the ALJ must evaluate the claimant's complaints of pain, and, in doing so, the ALJ may consider the credibility of the claimant. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). "[A]n ALJ's assessment of credibility must be supported by substantial evidence" and an ALJ's assessment of credibility is "to be accorded great weight and deference." *Walters*, 127 F.3d at 531. *See also Jones*, 336 F.3d at 474. Without more, a claimant's complaints of pain will not establish that an individual is disabled. *Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 449 (6th Cir. 2017).

The ALJ undertakes a two-prong assessment when evaluating a claimant's complaints of pain—first the ALJ determines if there is objective evidence of an underlying condition which could cause pain, and then the ALJ determines whether "objective

medical evidence confirms the severity of the alleged pain arising from the condition, or . . . the objectively established medical condition is of such severity that it can reasonably be expected to produce the disabling pain." *Vance*, 260 F. App'x at 806 (citing *Duncan v. Sec. of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

Here, Plaintiff argues that the ALJ did not assess "the entirety of the medical evidence including all these additional medical problems which are resulting in additional levels of pain for Ms. Wilson." (Doc. # 13-1 at 18). Specifically, Plaintiff notes that she "has decreased tolerance to perform any type of physical activity . . . [and] [t]here is new information that is based upon the objective medical findings from the medical records, including diagnostic testing, as well as the consul[ta]tive exam." *Id.* However, Plaintiff's vague statements fail to specify with any reasonable particularity what "additional medical problems" or "new information" she means.

Upon review of the record, the ALJ properly conducted the two-prong assessment to evaluate Plaintiff's subjective complaints of pain. First, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 18). Moving to the second prong, however, he concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Turning to the medical records and opinions in the record, the ALJ noted, for example, that an "x-ray of the claimant's right ankle from October 2015 showed [an] old healed fracture of the distal end of the right tibia and fibula with hardware in position and no acute abnormalities visualized." (Tr. 19). Additionally, while the Plaintiff complained

9

of complications with asthma, "chest x-rays taken during the relevant period were typically normal studies." *Id.* The ALJ further detailed normal results from musculoskeletal examinations, a normal gait, full range of motion in all extremities, and normal pulmonary exams. (Tr. 18-19). Moreover, "despite the claimant's complaint at several presentations of increased right leg pain status-post right ankle fracture/ORIF, examination of the right lower extremity repeatedly revealed well-healed surgical scar, no redness or swelling, and complete range of motion in the right ankle." (Tr. 20). The ALJ also noted that Plaintiff "has received no treatment for low back pain" and has not been placed on any medication for her obesity disorder. *Id.* Further, the ALJ pointed out that Plaintiff's activities of daily living (including preparing her daughter for school, meal preparation, grocery shopping, and caring for her own personal needs) were not entirely consistent with her assertions regarding the intensity, persistence, and limiting effects of her subjective complaints. (Tr. 17-21).

In sum, the ALJ considered Plaintiff's complaints of pain and made a reasonable credibility determination based upon objective evidence. *See Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (allegations of impairments could be considered inconsistent with claimant's own testimony about the daily activities she is able to perform); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (a claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record). In contrast, Plaintiff's dispositive motion wholly fails to point to *any* objective evidence in the record to support her subjective complaints of pain. *See* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled.").

Moreover, even if substantial evidence exists to support Plaintiff's claim, it is improper for the Court to simply re-weigh the evidence. All that is required of the ALJ is that he render a decision that is supported by substantial evidence. The ALJ has done so here. While the ALJ weighed the evidence contrary to how the Plaintiff preferred, the Court finds no error in the scope of the ALJ's analysis. *See Minor*, 513 F. App'x at 436.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 15) is hereby **GRANTED**;

(4) This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 18th day of January, 2019.



Signed By:
<u>David L. Bunning</u>  *DB*
United States District Judge

L:\DATA\SocialSecurity\MOOs\London\18-45 Wilson MOO.docx